YATES, Presiding Judge,
concurring in part and dissenting in part.
I agree with the majority on the issues of alimony and property division. However, I dissent on the issue of child support.
A review of the record indicates that the trial court issued a lengthy and thorough final order. Furthermore, the record contains CS-41 Child Support Obligation Income Statement/Affidavit forms for both the husband and the wife. In addition, the husband offered, and the trial court admitted into evidence, a Child Support Guidelines form CS-42 at trial, although the actual form itself is not contained in the record and the trial court cannot locate it. Nevertheless, I conclude that the record contains extensive evidence relating to the parties’ incomes that comports with the trial court’s award of child support. The majority states that the trial court’s order was “unclear whether the $425 child support award included educational expenses”; however, as to child support the trial court’s order states, in part:
“9. The Husband shall pay child support to the Wife ... $425 per month.... Said child support payments shall continue until such time as [the child] achieves legal age, becomes emancipated or self-supporting, or dies. Said child support payment shall. include funds necessary to pay for [the child’s] private school tuition and all fees associated therewith.”
I read paragraph 9 as providing that the child-support award “shall include funds necessary to pay for [the child’s] private
school tuition.” (Emphasis added.) I conclude that in calculating the amount of child support according to the Rule 32, Ala. R. Jud. Admin., child-support guidelines -the court did, in fact, include funds in its award to cover a portion of the child’s educational expenses, as it stated in its order. Although it is preferable that all of the necessary child-support forms be included in the record, I find that, in this case, the evidence did not place this court in the position of having to “guess at what facts the trial court found in order to enter the support order it entered.” Mosley v. Mosley, 747 So.2d 894, 898 (Ala.Civ.App.1999).